UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY GREENBERG, <br><br> Plaintiff, <br><br> v. <br><br> SCHOLASTIC, INC., <br><br> Defendant. | No. 2:16-CV-06353 (CDJ) |

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Scholastic Inc. ("Scholastic"), pursuant to Rule 12(b)(6), moves this Court to dismiss Plaintiff's complaint. In support of this motion, Scholastic submits the attached memorandum of law.

Respectfully Submitted,

By: /s/ Stephen J. Shapiro
    Stephen J. Shapiro (Pa. I.D. No. 83961)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Ste. 3600
Philadelphia, Pennsylvania 19103
Phone: (215) 751-2000
Fax: (215) 751-2205

FRANKFURT KURNIT KLEIN & SELZ, P.C.
Edward H. Rosenthal*
Nicole Bergstrom*
488 Madison Avenue, 10th Floor
New York, New York 10022
Phone: (212) 980-0120
Fax: (212) 593-9175
*Pro hac vice* application pending

*Attorneys for Defendant Scholastic Inc.*

Dated: April 24, 2017

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY GREENBERG,<br><br>        Plaintiff,<br><br>v.<br><br>SCHOLASTIC, INC.,<br><br>        Defendant. | No. 2:16-CV-06353 (CDJ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
<u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

SCHNADER HARRISON SEGAL & LEWIS LLP
Stephen J. Shapiro (Pa. I.D. No. 83961)
1600 Market Street, Ste. 3600
Philadelphia, Pennsylvania 19103
Phone: (215) 751-2000
Fax: (215) 751-2205

FRANKFURT KURNIT KLEIN & SELZ, P.C.
Edward H. Rosenthal*
Nicole Bergstrom*
488 Madison Avenue, 10th Floor
New York, New York 10022
Phone: (212) 980-0120
Fax: (212) 593-9175
*Pro hac vice* application pending

*Attorneys for Defendant Scholastic Inc.*

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL ALLEGATIONS ...................................................................................................... 2

ARGUMENT ................................................................................................................................ 3

    I.    STANDARD OF REVIEW ON A MOTION TO DISMISS ................................. 3

    II.    PLAINTIFF FAILS TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT................................................................................................... 3

        A.    Plaintiff Has Not Identified by What Acts and During What Time His Copyrights Were Allegedly Infringed .................................................. 4

        B.    Plaintiff Is Not Entitled to an Audit of Scholastic's Uses of His Photographs................................................................................................ 6

    III.    SHOULD THIS CASE PROCEED, DISCOVERY SHOULD BE LIMITED TO WHETHER THE COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS ............................................................................. 8

CONCLUSION............................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................................ 3, 7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................................................... 3

*Browne v. Zaslow*,
   103 F. Supp. 3d 666 (E.D. Pa. 2015) ......................................................................................... 4

*Douglas v. Kimberly-Clark Corp.*,
   Civ. No. 92-3394, 1992 WL 189411 (E.D. Pa. July 28, 1992) .................................................. 6

*Energy Intelligence Grp., Inc. v. Scotia Capital (USA) Inc.*,
   No. 16 Civ. 00617, 2017 WL 432805 (S.D.N.Y. Jan. 30, 2017) ............................................. 10

*eScholar, LLC v. Otis Educ. Sys., Inc.*,
   387 F. Supp. 2d 329 (S.D.N.Y. 2005) ........................................................................................ 7

*Fischer v. Forrest*,
   Nos. 14 Civ. 1304, 14 Civ. 1307, 2017 WL 128705 (S.D.N.Y. Jan. 13, 2017) ....................... 10

*Fowler v. UPMC Shadyside*,
   578 F.3d 203 (3d Cir. 2009) ....................................................................................................... 3

*Gee v. CBS, Inc.*,
   471 F. Supp. 600 (E.D. Pa.), *aff'd*, 612 F.2d 572 (3d Cir. 1979) .......................................... 3, 4

*Grant Heilman Photography, Inc. v. McGraw-Hill Cos., Inc.*,
   28 F. Supp. 3d 399 (E.D. Pa. 2014) ........................................................................................... 8

*Iza Music Corp. v. W&K Music Corp.*,
   995 F. Supp. 417 (S.D.N.Y. 1998) ............................................................................................. 7

*Levey v. Brownstone Inv. Grp., LLC*,
   No. CIV.A. 11-395, 2013 WL 3285057 (D.N.J. June 26, 2013) ........................................... 4, 6

*Palmer Kane LLC v. Scholastic Corp.*,
   Civ. No. 12-3890, 2013 WL 709276 (S.D.N.Y. Feb. 27, 2013) ............................................ 5, 6

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
   134 S. Ct. 1962 (2014) ................................................................................................. 2, 8, 9, 10

*Quadratec, Inc. v. Turn 5, Inc.*,
   Civ. No. 13-6384, 2015 WL 4876314 (E.D. Pa. Aug. 13, 2015) ............................................5

*SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*,
   137 S. Ct. 954 (2017) ............................................................................................................9

*Stampone v. Stahl*,
   No. CIV.A. 05-1921, 2005 WL 1694073 (D.N.J. July 19, 2005) ..........................................4

*Travelers Indem. Co. v. Dammann & Co.*,
   592 F. Supp. 2d 752 (D.N.J. 2008), *aff'd*, 594 F.3d 238 (3d Cir. 2010) ................................9

*William A. Graham Co. v. Haughey*,
   568 F.3d 425 (3d Cir. 2009) ..................................................................................................8

*Wolfe v. United Artists Corp.*,
   583 F. Supp. 52 (E.D. Pa. 1983) ...........................................................................................7

*Wu v. John Wiley & Sons, Inc.*,
   Civ. No. 14-6746, 2015 WL 5254885 (S.D.N.Y. Sept. 10, 2015) ..................................9, 10

*Yamashita v. Scholastic, Inc.*,
   No. 16 Civ. 9201 (KBF), 2017 WL 74738 (S.D.N.Y. Jan. 5, 2017) .....................................5

*Young-Wolff v. McGraw-Hill Cos.*,
   Civ. No. 13-4372, 2014 WL 349711 (S.D.N.Y. Jan. 31, 2014) ............................................7

**Statutes**

17 U.S.C. § 101 et seq. ..................................................................................................................4

Copyright Act .....................................................................................................................1, 6, 7, 8

**Other Authorities**

1-12 NIMMER ON COPYRIGHT § 12.05(B)(2)(c) (2015) .......................................................10

6 Patry on Copyright § 20:17 .........................................................................................................8

Federal Rule of Civil Procedure 12(b)(6) ..................................................................................1, 3

Rule 8 ....................................................................................................................................3, 5, 7

Defendant Scholastic Inc. ("Scholastic" or "Defendant") submits this Memorandum, pursuant to Federal Rule of Civil Procedure 12(b)(6), in support of its Motion to Dismiss the Complaint ("Complaint") of Plaintiff Jeffrey Greenberg ("Plaintiff").

## PRELIMINARY STATEMENT

Plaintiff brings this lawsuit for copyright infringement against Scholastic based on pure speculation. He alleges that Scholastic properly licensed photographs from his agents for use in certain Scholastic publications, and suggests that Scholastic *may* have violated those licenses in some unspecified way. The apparent basis for this accusation is that Scholastic has been sued in the past by other photographers, presumably regarding other photographs and publications. Instead of alleging *how* or *when* (or even *if*) Scholastic infringed his photographs, as is required to state a claim for copyright infringement, Plaintiff is attempting to use this lawsuit to force Scholastic to turn its offices upside down for information on photographs, in some cases licensed nineteen years ago, in the hope that an infringement claim will materialize. Plaintiff's attempt to secure an audit of Scholastic's uses of his photographs – a right he does not have under the Copyright Act (or any contract he points to) – should be denied and his claims dismissed for failure to adequately plead infringement.

If this case is permitted to go forward, discovery at the outset of the case should be limited to determining which, if any, of Plaintiff's claims have been brought within the three-year statute of limitations for copyright claims. While Plaintiff surely will argue that he only recently "discovered" his claims, the reality is that Plaintiff knew that his photographs were licensed to Scholastic and knew that his photographs were used in books published by Scholastic as early as the late-1990s. He also knew that Scholastic (and other publishers) have been sued for copyright infringement by photographers in cases going back to at least 2011. Finally, even if some of his claims are not time barred, Plaintiff is not entitled to any monetary recovery for

sales that date back more than three years, as made clear by the Supreme Court in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1969 (2014).

## FACTUAL ALLEGATIONS

Plaintiff is a professional photographer residing in Florida. Complaint ¶ 2. Defendant Scholastic is a New York publisher and distributer of children's books, with its principal place of business at 557 Broadway, New York, New York 10012. *Id.* ¶ 3. Plaintiff alleges that he owns the copyrights in certain photographic images identified in the exhibit to the Complaint (the "Photographs"), which he licensed to Scholastic for specified uses through the stock photography agencies PhotoEdit, The Image Works and Stock Boston (together, the "Agents") beginning in 1998. *Id.* ¶¶ 6-10, Ex. 1.

Nowhere in the Complaint does Plaintiff allege with any specificity how or when his Photographs were infringed. Rather, Plaintiff provides a list of images licensed to Scholastic by his Agents (*id.* Ex. 1) and makes a blanket allegation that "Scholastic infringed Plaintiff's copyrights in various ways," providing a laundry list of the ways in which these images might have been infringed. *Id.* ¶ 11. Plaintiff further alleges that Scholastic has used these Photographs in "additional publications," which he does not identify (the "Additional Uses"). *Id.* ¶ 14.

As the Complaint makes clear, Plaintiff pleads in this way because he has no specific information on how or when – or, indeed, *if* – his Photographs have been infringed. Rather, Plaintiff alleges that "Scholastic alone knows the full extent to which it has infringed Plaintiff's copyrights, but Scholastic will not disclose this information to Plaintiff outside of litigation" (*id.* ¶ 13), and points to other lawsuits against Scholastic, which began in 2011. *Id.* ¶ 14. Yet, despite admitting that he has no information on whether his Photographs were infringed, Plaintiff

2

brings suit for copyright infringement against Scholastic, citing licenses covering 96 uses, 91 of which date back more than three years before filing. *Id.* Ex. 1.

## ARGUMENT

### I. STANDARD OF REVIEW ON A MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) mandates dismissal of a cause of action if it does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere conclusory averments are insufficient to meet this pleading threshold; rather, a claim must be supported by specific factual allegations, which if accepted as true, are sufficient to support the accusation's plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("'conclusory' or 'bare-bones' allegations will no longer survive a motion to dismiss") (citing *Iqbal*, 556 U.S. at 678). Although "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

### II. PLAINTIFF FAILS TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT

"The Rule 8 requirements have been expressly applied to copyright actions by virtue of the Supreme Court Rules of Practice for Proceedings in Copyright." *Gee v. CBS, Inc.*, 471 F. Supp. 600, 643 (E.D. Pa.), *aff'd*, 612 F.2d 572 (3d Cir. 1979) (citing 2a Moore's Federal Practice P 8.17(7) at 1766 (2d ed. 1978)). Rule 8 requires Plaintiff to "particularize [his] claim so defendants would have sufficient notice to permit them to file a responsive pleading." *Id.* at 644. To survive a motion to dismiss, a complaint for copyright infringement must allege: (1) which specific original works are the subject of the copyright claim; (2) that the plaintiffs own the copyrights in those works; (3) that the works in question have been registered with the Copyright

Office in accordance with the statute; and (4) by what acts and during what time the defendant infringed the copyright. *Id.* at 643. *Browne v. Zaslow*, 103 F. Supp. 3d 666 (E.D. Pa. 2015) reaches the same conclusion. There, the court stated that, "'in order to withstand a motion to dismiss, a complaint based on copyright infringement must allege: (1) which specific original works are the subject of the copyright claim; (2) ownership of the copyrights in those works; (3) registration of the works in question with the Copyright Office in accordance with 17 U.S.C. § 101 et seq.; and (4) by what acts the defendant infringed the copyright.'" *Id.* at 671 (quoting *Key Consol. 2000, Inc. v. Troost*, 432 F. Supp. 2d 484, 488 (M.D. Pa. 2006)). Pleadings that are "vague and illusive" are inadequate. *Gee*, 471 F. Supp. at 644. Based on this standard, Plaintiff's conclusory copyright infringement claims must be dismissed.

### A. Plaintiff Has Not Identified by What Acts and During What Time His Copyrights Were Allegedly Infringed

Plaintiff fails to allege "by what acts and during what time" Scholastic purportedly infringed his copyrights. The Complaint merely states that "[s]hortly after obtaining access to the Photographs, upon information and belief, Scholastic infringed Plaintiff's copyrights in various ways..." Complaint ¶ 11. The only specific facts are found in the spreadsheet, attached as Exhibit 1 to the Complaint, and containing a list of Photographs that Plaintiff says were properly licensed to Scholastic. *Id.* ¶¶ 9-10, Ex. 1.

These generalized pleadings cannot withstand a motion to dismiss. *See Stampone v. Stahl*, No. CIV.A. 05-1921, 2005 WL 1694073, at *2 (D.N.J. July 19, 2005) (generalized allegations of infringement were "'too broad and sweeping to satisfy Rule 8'" where Complaint "fail[ed] to allege with any specificity acts of copyright infringement") (quoting *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000)); *Levey v. Brownstone Inv. Grp., LLC*, No. CIV.A. 11-395, 2013 WL 3285057, at *6 (D.N.J. June 26, 2013) (dismissing

4

infringement claim for failure to plead by what acts plaintiff's work was infringed where "Plaintiff's allegation of infringement rests on speculation"); *see also Palmer Kane LLC v. Scholastic Corp.*, Civ. No. 12-3890, 2013 WL 709276, at *3 (S.D.N.Y. Feb. 27, 2013) (the generalized and conclusive pleadings that defendant "exceeded the licenses it obtained to use Plaintiffs' images, reused Plaintiffs works without a license" and used the images "without permission" or "prior to obtaining permission" were insufficient to state a claim); *but see Quadratec, Inc. v. Turn 5, Inc.*, Civ. No. 13-6384, 2015 WL 4876314, at *5 (E.D. Pa. Aug. 13, 2015).[1]  A District Court in the Southern District of New York has recently dismissed a Complaint in a case brought by the same counsel that represents Plaintiffs here and which involved nearly identical allegations. *Yamashita v. Scholastic, Inc*., No. 16 Civ. 9201 (KBF), 2017 WL 74738, at *2 (S.D.N.Y. Jan. 5, 2017) (dismissing allegations as a "fishing expedition" and the sort of "aimless trawling" that Rule 8 does not permit). Here, with respect to the Additional Uses, Plaintiff fails to identify any publications in which the Photographs were allegedly used, or when they were published.

And even in those limited instances where the exhibit identifies license terms, it provides no facts to support the Plaintiff's claims that the licenses were infringed, nor does it provide any timeframe for the purported infringements.  This too is fatal to Plaintiff's copyright claims.  *See Yamashita,* 2017 WL 74738, at *1 n.1 ("Plaintiff's argue specifying that defendants infringed 'after' obtaining the photographs provides a sufficient factual basis to establish a timeframe for when the alleged infringement occurred…Not so.  Any infringement would necessarily happen

---

[1] While other courts have, in some cases, allowed vaguely-plead claims to proceed past the motion to dismiss stage (*see Quadratec*, 2015 WL 4876314, at *5), unlike *Quadratec*, Plaintiff is purposely vague, attempting to use this action to gain an audit of Scholastic's uses of his Photographs.  As shown in Section II(B) below, because this is a right Plaintiff does not have, this strategy should be rejected and the Complaint dismissed.

'after' defendants accessed the copyrighted material.  This allegation adds no factual support to the complaint."); *see also Douglas v. Kimberly-Clark Corp.*, Civ. No. 92-3394, 1992 WL 189411, at *1 (E.D. Pa. July 28, 1992) (dismissing copyright claim for failure to "provide[] the time or the dates on which defendant infringed the copyright"); *Palmer Kane LLC*, 2013 WL 709276, at *3 ("Although Exhibit A, listing Palmer Kane's works contains an invoice date for each of the images, the complaint makes no mention of these dates, let alone how they relate to a time period in which Scholastic infringed on Palmer Kane's copyrights").

Plaintiff tries to mask the lack of any factual support by pointing to other lawsuits against Scholastic.  *See* Complaint ¶ 14.  However, these allegations involving other photographers, publications and photographs, do nothing to support Plaintiff's claims regarding the Photographs.  *See Levey*, 2013 WL 3285057, at *6 (allegations that defendant's software infringed plaintiff's because it was bore similarities to a non-party's software insufficient to establish copyright infringement).

Simply put, vague and conclusory allegations of infringement, accompanied by spreadsheets containing lists of images that were published by Scholastic, cannot state valid claims for copyright infringement.

### B. Plaintiff Is Not Entitled to an Audit of Scholastic's Uses of His Photographs

Plaintiff makes clear that his actual goal is an audit of Scholastic's uses of his Photographs.  Rather than identify specific acts by which Scholastic infringed the Photographs, he admits he does not have this information, instead claiming that "Scholastic alone knows the full extent to which it has infringed Plaintiff's copyrights, but Scholastic will not disclose this information to Plaintiff outside of litigation."  Complaint ¶ 13.  But, the rights afforded to copyright owners are clearly enumerated in Section 106 of the Copyright Act, and nothing in Section 106 or elsewhere grants copyright owners a statutory right to audit Scholastic's supposed

6

uses of their works. *See* 17 U.S.C. § 106; *see also Young-Wolff v. McGraw-Hill Cos.*, Civ. No. 13-4372, 2014 WL 349711, at *6-8 (S.D.N.Y. Jan. 31, 2014) ("Plaintiff points to neither case law nor language in the Copyright Act indicating that a copyright owner has an inherent right to sue a licensee for an audit.").

Were such a right to exist under the Copyright Act, it would render superfluous all contractual audit rights that copyright holders and licensees bargain for on a regular basis. Indeed, in cases where parties have made claims related to an accounting or audit of copyright uses, those allegations have invoked state law claims, different and apart from claims under the Copyright Act. *See Wolfe v. United Artists Corp.*, 583 F. Supp. 52, 56-57 (E.D. Pa. 1983) (Plaintiff's accounting claim stemmed from agreements between parties and not from his rights under the Copyright Act); *see also Iza Music Corp. v. W&K Music Corp.*, 995 F. Supp. 417, 418 (S.D.N.Y. 1998) (a joint author's right to an accounting is a state law claim, not a copyright claim); *eScholar, LLC v. Otis Educ. Sys., Inc.*, 387 F. Supp. 2d 329, 333 (S.D.N.Y. 2005) (contractual claim for a right to audit and receive license fee sought to protect rights is "qualitatively different" from those protected by copyright and therefore not preempted by the Copyright Act).

Scholastic respectfully submits that this Court should not permit Plaintiff to use the litigation process to conduct what he admits is an audit of Scholastic's activities over the past 19 years, all based upon mere speculation that licensed Photographs may have been exceeded in some unspecified way, particularly as this is precisely what Rule 8 is meant to prevent. *See Iqbal,* 556 U.S. at 678-79 (Although "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

7

### III. SHOULD THIS CASE PROCEED, DISCOVERY SHOULD BE LIMITED TO WHETHER THE COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS

If this case is permitted to go forward, discovery at the outset of the case should be limited to determining which, if any, of Plaintiff's claims have been brought within the three-year statute of limitations for copyright claims.

While Plaintiff may argue that he only just "discovered" his claims pursuant to the discovery rule outlined by the Third Circuit in *William A. Graham Co. v. Haughey*, 568 F.3d 425, 437 (3d Cir. 2009), *Haughey* cannot save the Complaint for two reasons. *First*, the Supreme Court decision in *Petrella* – which was decided later – casts doubt on the viability of the "discovery rule." *See Grant Heilman Photography, Inc. v. McGraw-Hill Cos., Inc.*, 28 F. Supp. 3d 399, 411 (E.D. Pa. 2014) (finding the statute of limitations language in *Petrella* "suggestive", but applying the discovery rule). Indeed, the injury rule makes sense. Copyright infringement is a tort, and "the traditional rule is that 'the tort cause of action accrues and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury is not then known or predictable.'" 6 Patry on Copyright § 20:17 (citing *Wallace v. Kato*, 549 U.S. 384, 391 (2007)).

*Second*, even if the discovery rule applies, this "discovery" must necessarily occur when Plaintiff has the information necessary to bring suit. *See Haughey*, 568 F.3d at 438 (Under the discovery rule, a claim under the Copyright Act does not accrue until "the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim."). Plaintiff's claims rely on the information that: (1) his Agents licensed certain of his Photographs beginning in 1998; and (2) Scholastic (and other publishers) had been sued by photographers beginning in 2011. Plaintiff has no more information now than he did when his Photographs were published by Scholastic, and – assuming this information is sufficient to meet the pleading

8

standard, which Scholastic argues it is not – could therefore have as easily commenced this suit at that time, now many years ago. Thus Plaintiff "discovered" his claims well beyond three years before filing, and it would be contrary to the purpose of the statute of limitations to allow Plaintiff to sit on these claims indefinitely. *See Travelers Indem. Co. v. Dammann & Co.*, 592 F. Supp. 2d 752, 769 (D.N.J. 2008), *aff'd*, 594 F.3d 238 (3d Cir. 2010) (identifying the "two primary purposes of the statute of limitations" as "prevent[ing] the litigation of stale claims and [] penaliz[ing] dilatoriness and serv[ing] as a measure of repose") (internal quotation omitted).

Simply put, Plaintiff cannot have it both ways. If he can adequately allege copyright infringement claims on the basis of this scant information, then this same information must start the statute of limitations running and bar his claims in this case. The 91 claims that rely on invoices dated prior to December 7, 2013 – three years before filing – should be dismissed.

Finally, whatever the statute of limitations on his claims, Plaintiff's damages must be limited to the three years preceding the filing of the Complaint. Pursuant to the Supreme Court's decision in *Petrella*, which it recently confirmed in *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 137 S. Ct. 954 (2017), "[u]nder the [Copyright] Act's three-year provision, an infringement is actionable within three years, *and only three years*, of its occurrence." *Petrella,* 134 S. Ct. at 1969 (emphasis added); *SCA Hygiene Prods.*, 137 S. Ct. at 961-62 (quoting *Petrella*). Therefore, in bringing suit for copyright infringement, a plaintiff may recover "retrospective relief running only three years back from the date the complaint was filed." *Id.* Courts have followed *Petrella*, recognizing this limitation separately of whether the injury or discovery rule is enforced. *See Wu v. John Wiley & Sons, Inc.*, Civ. No. 14-6746, 2015 WL 5254885, at *6 (S.D.N.Y. Sept. 10, 2015) (citing *Petrella* for the proposition that Plaintiff can "recover 'retrospective relief running only three years back from the date the complaint was

9

filed.'"); *Fischer v. Forrest*, Nos. 14 Civ. 1304, 14 Civ. 1307, 2017 WL 128705, at *7, n.9 (S.D.N.Y. Jan. 13, 2017), *report and recommendation adopted*, 2017 WL 1063464 (S.D.N.Y. Mar. 21, 2017) (same); *see also* 1-12 NIMMER ON COPYRIGHT § 12.05(B)(2)(c) (2015) (following Petrella, when a claim accrues and the available period of recovery "arise independently of each other").[2]  At a minimum, Plaintiff is barred from recovering damages prior to December 7, 2013.  Scholastic should not be required to provide information – some dating back for more than 19 years – with respect to claims that are barred by the statute of limitations.

## CONCLUSION

For each of the foregoing reasons, Scholastic respectfully requests that the Court grant its motion to dismiss the Complaint in its entirety, with prejudice.  However, should this action proceed, discovery at the outset of the case should be limited to determining which, if any, of Plaintiff's claims have been brought within the three-year statute of limitations for copyright claims.

---

[2] While Plaintiff will undoubtedly cite *Energy Intelligence Grp., Inc. v. Scotia Capital (USA) Inc.,* No. 16 Civ. 00617, 2017 WL 432805 (S.D.N.Y. Jan. 30, 2017), in which Judge Castel, also of the Southern District of New York, held that "under no reasonable reading of *Petrella* could the opinion be interpreted to establish a time limit on the recovery of damages separate and apart from the statute of limitations." *Id.*, at *2.  But, of course, Magistrate Judge Peck has now *twice* interpreted *Petrella* precisely that way (*see Wu*, 2015 WL 5254885, at *6; *Fischer,* 2017 WL 128705, at *7, n.9), as has the most influential copyright treatise.  *See* NIMMER § 12.05(B)(2)(c) (2015) (following *Petrella,* when a claim accrues and the available period of recovery "arise independently of each other").

Dated: Philadelphia, Pennsylvania
      April 24, 2017

                                SCHNADER HARRISON SEGAL & LEWIS LLP

                                By: /s/ Stephen J. Shapiro
                                   Stephen J. Shapiro (Pa. I.D. No. 83961)
                                1600 Market Street, Ste. 3600
                                Philadelphia, Pennsylvania 19103
                                Phone: (215) 751-2000
                                Fax: (215) 751-2205
                                sshapiro@schnader.com

                                FRANKFURT KURNIT KLEIN & SELZ, P.C.
                                Edward H. Rosenthal*
                                Nicole Bergstrom*
                                488 Madison Avenue, 10th Floor
                                New York, New York 10022
                                Phone: (212) 980-0120
                                Fax: (212) 593-9175
                                erosenthal@fkks.com
                                nbergstrom@fkks.com
                                **Pro hac vice* application pending

                                *Attorneys for Defendant Scholastic Inc.*

## **CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing Defendant's Motion to Dismiss Plaintiff's Complaint and supporting brief has been filed electronically and is available for viewing and downloading from the ECF system and that, on April 24, 2017, I caused a true and correct copy of the foregoing document to be served on the following persons via the Court's ECF system:

Maurice Harmon
HARMON & SEIDMAN L.L.C.
11 Chestnut Street
New Hope, PA 18938

*Counsel for Plaintiff*

                /s/ Stephen J. Shapiro
                Stephen J. Shapiro