**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JEFFREY GREENBERG, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | |
| | ) | |
| SCHOLASTIC, INC. | ) | No. 16-cv-06353-CDJ |
| | ) | |
| Defendant. | ) | |

---

**PLAINTIFF JEFFREY GREENBERG'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS COMPLAINT OR, IN THE
ALTERNATIVE, TO LIMIT DISCOVERY**

---

Maurice Harmon
Harmon Seidman Bruss & Kerr, LLC
11 Chestnut Street
New Hope, PA 18938
Tel: 917.561.4434
Email: maurice@harmonseidman.com

**TABLE OF CONTENTS**

I.    INTRODUCTION. ...........................................................................................................1

II.    BACKGROUND. ............................................................................................................2

    **A.**   THE PARTIES. ................................................................................................. 2

    **B.**   GREENBERG'S COMPLAINT. ........................................................................... 2

    **C.**   GREENBERG DOES NOT HAVE ACCESS TO INVOICES ISSUED TO SCHOLASTIC ...................... 3

    **D.**   EVEN SCHOLASTIC CONTENDS ITS USAGE INFORMATION IS CONFIDENTIAL; HENCE, AS
BETWEEN THE PARTIES, SCHOLASTIC ALONE KNOWS HOW IT USED GREENBERG'S IMAGES. ....................4

III.   THE COURT SHOULD DENY SCHOLASTIC'S MOTION TO DISMISS. ................4

    **A.**   GREENBERG HAS ADEQUATELY PLEADED HIS COPYRIGHT INFRINGEMENT CLAIMS. ...........4

        *1.*   *Legal standard for motion to dismiss.*...............................................................4

        *2.*   *Scholastic's motion fails because it misrepresents Greenberg's pleading; many courts have rejected pleading-stage challenges like Scholastic's.* ...........................................................................7

            *a.*   *Greenberg has adequately alleged "by what acts" Scholastic infringed.*.............................7

            *b.*   *Greenberg has also adequately alleged the time of infringements.* ...........................9

            *c.*   *Greenberg is not required to plead details that Scholastic alone knows.*........................ 10

            *d.*   *The cases cited in Scholastic's Memorandum do not help it.* ................................ 11

    **B.**   SCHOLASTIC'S "AUDIT" ARGUMENT LACKS MERIT. ........................................................ 13

    **C.**   IN THE ALTERNATIVE, GREENBERG REQUESTS LEAVE TO AMEND. ....................................... 15

IV.   THE COURT SHOULD DENY SCHOLASTIC'S REQUEST FOR LIMITS ON
GREENBERG'S DISCOVERY BASED UPON THE STATUTE OF LIMITATIONS. .................. 15

V.   CONCLUSION. .......................................................................................................... 18

# TABLE OF AUTHORITIES

**Cases**

*Alaska Stock, LLC v. Pearson Educ., Inc.*, 2012 WL 7801875 (D. Alaska 2012) ................................... 6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................................................... 5, 7

*Bradshaw v. American Institute for History Education,* 2013 WL 1007219 (D.N.J. 2013) ......................... 5

*Clifton v. Houghton Mifflin Harcourt Pub. Co.*, __ F.Supp.3d __, 2015 WL 9319402 (N.D. Cal. 2015) .. 11

*Dun & Bradstreet Software Services, Inc. v. Grace Consulting, Inc.*, 307 F.3d 197 (3d Cir. 2002) ................. 6

*Erickson v. Pardus*, 551 U.S. 89 (2007) ........................................................................................... 7

*Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340 (1991) ................................................... 6

*Frerck v. John Wiley & Sons, Inc.*, 2014 WL 3512991 (N.D. Ill. 2014) ............................................... 16

*Gee v. CBS, Inc.*, 471 F.Supp. 600 (E.D. Pa), *aff'd*, 612 F.2d 572 (3d Cir. 1979) .................................... 5

*Grace v. Corbis Sygma*, 403 F.Supp.2d 337, 348 (S.D.N.Y. 2005), *vacated on other grounds,* 487 F.3d 113 (2d Cir. 2007) ...................................................................................................................................... 15

*Grant Heilman Photography, Inc. v. McGraw-Hill Companies*, 115 F.Supp.3d 518 (E.D.Pa. 2015) ........... 15

*Harper & Row Publishers, Inc. v. Nation* Enterprises, 471 U.S. 539 (1985) .......................................... 14

*John Wiley & Sons, Inc. v. Golden*, 2015 WL 716880 (D.N.J. 2015) ........................................................ 5

*Lefkowitz v. John Wiley & Sons, Inc.*, 2014 WL 2619815 (S.D.N.Y. 2014) ........................................... 12

*Palmer Kane LLC v. Scholastic Corp.*, 2013 WL 798276 (S.D.N.Y. 2013) ............................................ 12

*Panoramic Stock Images, Ltd. v. McGraw-Hill Global Education Holdings, LLC*, 2015 WL 393381 (N.D. Ill. 2015) ...................................................................................................................................................... 17

*Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S.Ct. 1962 (2014) ........................................................... 16

*Psihoyos v. John Wiley & Sons, Inc.*, 2011 WL 4916299 * 5 (S.D.N.Y. 2011), *aff'd*, 141 F.3d 120 (2d Cir. 2014) ...................................................................................................................................................... 17

*Quadratec, Inc. v. Turn 5, Inc.*, 2015 WL 4876314 (E.D. Pa. 2015)....................................................... 12

*Respect Inc. v. Committee on the Status of Women*, 821 F.Supp. 531, 532 (N.D. Ill. 1993) ........................ 14

*Robert Kubicek Architects & Associates, Inc. v. Bosley*, 2009 WL 3188391 (D. Ariz. 2009) ........................ 6

*Santiago v. Warminster Twp.*, 629 F.3d 121 (3d Cir. 2010) .................................................... 4

*Schneider v. Pearson Educ., Inc.*, 2013 WL 1386968 (S.D.N.Y. 2013) .................................................. 12

*Swanson v. Citibank, N.A.*, 614 F.3d 400 (7th Cir. 2010) .................................................. 7

*Visuals Unlimited, Inc. v. Pearson Education, Inc.*, 2014 Copr.L.Dec. P 30,593, 2014 WL 1395043 (E.D. Pa. 2014) ................................................................................................ 5

*Warren v. John Wiley & Sons, Inc.*, 952 F.Supp.2d 610 (S.D.N.Y. 2013) .............................................. 13

*Whelan Associates, Inc. v. Jaslow Dental Laboratory, Inc.*, 609 F.Supp. 1325 (E.D. Pa. 1985).................. 14

*William A. Graham Co. v. Haughey*, 568 F.3d 425 (3d Cir. 2009)........................................................ 15

*Young-Wolff v. McGraw-Hill Cos.*, 2014 WL 349711 (S.D.N.Y. 2014).................................................. 14

**Statutes**

17 U.S.C. § 504(b) .................................................................................................................... 14

**Rules**

Fed. R. Civ. Proc. 12(b)(6)............................................................................................................. 7

Fed. R. Civ. Proc. 8(a)(2) .............................................................................................................. 5

Fed. R. of Civil Proc. 8(a) ............................................................................................................. 5

# I.     INTRODUCTION.

Plaintiff Jeffrey Greenberg will file an Amended Complaint pursuant to Fed.R.Civ.P. 15(a)(1)(B) on or before May 15, 2017, and believes that the filing of that complaint will moot Scholastic's Motion to Dismiss.  But to the extent a response to that motion is needed, Greenberg submits the following, and contends that Scholastic, Inc. ("Scholastic")'s motion to dismiss or limit discovery should be denied.

Many courts have rejected similar arguments that complaints like plaintiff Jeffrey Greenberg's do not adequately state a claim for copyright infringement.  Moreover, the details Scholastic argues are missing from the Complaint are uniquely within its knowledge, and it is therefore permissible for Greenberg to plead those facts on information and belief.  Hence, Judge Beetlestone recently denied a nearly identical motion by Scholastic, in another copyright infringement case, in its entirety.[1]  Scholastic's present motion to dismiss should be denied too.

The Court should also deny Scholastic's request for an order limiting discovery.  Scholastic's supposed statute of limitations defense *cannot* be adjudicated until Scholastic discloses how it actually used Greenberg's photographs.  Scholastic's suggestion that Greenberg knew or should have discovered the specific facts underlying each copyright infringement – *i.e.*, how Scholastic infringed each photograph and when that particular infringement began and ended – is baseless.  Scholastic refuses to reveal its uses of Greenberg's photographs.  Instead it consistently claims such information is confidential, and it seeks protective orders to avoid publicly disclosing it.

---

[1] *See Keller v. Scholastic, Inc.*, E.D. Pa. Case No. 2:16-cv-01829 (WB), Doc. 1 (Complaint) (Declaration of Amanda L. Bruss, Ex. A); Doc. 16-1 ("Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Complaint or, in the Alternative, to Transfer Venue") (Bruss Decl., Ex. B); Doc. 26 ("Order" denying Scholastic's motion) (Bruss Decl., Ex. C).

## II.    BACKGROUND.

### A.    The parties.

Plaintiff Jeffrey Greenberg is a professional photographer who makes his living by creating and licensing photographs.[2]  Scholastic is the world's largest publisher and distributor of children's books.  It sells its publications in this District.[3]

### B.    Greenberg's Complaint.

As the Complaint alleges, Greenberg entered into license agreements with PhotoEdit, The Image Works, and Stock Boston (collectively, the "Licensees") which granted them limited rights to sublicense Greenberg's photographs to third parties, in exchange for a percentage of the fees they negotiated.[4]  Greenberg alleges that Scholastic obtained access to the photographs at issue (the "Photographs") from the Licensees.[5]  Exhibit 1 to the Complaint identifies the Photographs by Image ID and description.  Exhibit 1 also provides information about the invoices issued to Scholastic, including the invoice number, date and Scholastic imprint that used the Photographs, and where known, the publication title and license limits.  Any licenses granted to Scholastic for use of the Photographs were expressly limited by number of copies, distribution area, image size, language, duration, and/or media (print or electronic).[6]

The Complaint further states that "[s]hortly after obtaining the licenses, upon information and belief, Scholastic exceeded the licenses and infringed Plaintiff's copyright in various ways, including: (a)  printing or distributing more copies of the Photographs than authorized;  (b) distributing publications containing the Photographs outside the authorized distribution area;  (c) publishing the Photographs in electronic, ancillary, or derivative publications without permission; (d)

---

[2] Complaint (Doc. 1) ¶ 2.
[3] Complaint ¶ 3.
[4] *Id.* ¶ 8.
[5] *Id.* ¶ 9.
[6] *Id.* ¶ 10 and Ex. 1.

publishing the Photographs in international editions and foreign publications without permission; and (e) publishing the Photographs beyond the specified time limits."[7]  Greenberg also alleges that Scholastic used Greenberg's Photographs in other publications without permission, or in excess of license limits, but Greenberg has no way of discovering these additional unauthorized uses.[8] Scholastic alone knows the full extent to which it has infringed Greenberg's copyrights, but it will not disclose this information to Greenberg outside of litigation.[9]  And Greenberg's counsel asked for it:

> "If Scholastic advises us within 14 days that it will provide (actual disclosure to occur within 90 days or other mutually agreeable time) accurate information about Scholastic's and its overseas affiliates' uses of Greenberg's images, including but not limited to those images identified in the complaint, and further advise us which – if any – licenses Scholastic did not exceed, we will defer serving the complaint to allow the parties time to discuss resolution of Greenberg's claims before incurring the expense and disruption of litigation. And, if we don't settle, Greenberg will remove from the complaint, before it is served, those invoices Scholastic confirms it did not exceed.
>
> The information we are requesting is: print quantity, geographic distribution, language, and electronic uses of Greenberg's images by Scholastic and the third parties to whom it supplied its images.  In addition, for those licenses that contain a time/duration limit, we request Scholastic disclose its last use, so we can determine compliance"[10]

Scholastic did not respond to this request.

### C.  Greenberg does not have access to invoices issued to Scholastic by third parties.

Greenberg alleges that the Licensees issued limited licenses to Scholastic in the form of "invoices."[11]  But those licenses were provided to Scholastic, not *Greenberg*.[12]  Greenberg only received royalty statements, and those issued by PhotoEdit did not disclose the limits of licenses it

---

[7] *Id.* ¶ 11.
[8] *Id.* ¶ 12.
[9] *Id.* ¶ 13.
[10] Bruss Decl., Ex. D.  Scholastic did not respond as requested.  *Id.* ¶ 5.
[11] Complaint ¶¶ 9-10.
[12] Complaint ¶ 9.

issued to Scholastic.[13]

**D.** **Even Scholastic contends its usage information is confidential; hence, as between the parties, Scholastic alone knows how it used Greenberg's images.**

As discussed more fully below, Scholastic faults Greenberg for not providing specific information about when Scholastic infringed, and by what acts."[14] But this case concerns Scholastic's failure to comply with license limits in invoices issued by third parties to Scholastic,[15] and Scholastic contends its print run and other usage information is confidential. In *Palmer/Kane LLC v. Scholastic Corp.*,[16] – as in this case – the plaintiff sued Scholastic for copyright infringement by use of photographs beyond license limits. There, the District Court entered a Protective Order requiring secrecy of information provided during discovery.[17] Later, when the plaintiff filed a motion to compel discovery, it was required to seal the print run and sales information Scholastic had provided in discovery.[18] In parallel infringement cases involving Plaintiff's counsel, Scholastic has designated both the invoices at issue and its usage data, 'confidential.'[19]

## III. THE COURT SHOULD DENY SCHOLASTIC'S MOTION TO DISMISS.

**A.** **Greenberg has adequately pleaded his copyright infringement claims.**

**1.** **Legal standard for motion to dismiss.**

"Applying the principles of *Iqbal* and *Twombly*, the Third Circuit in *Santiago v. Warminster Twp.*, 629 F.3d 121 (3d Cir. 2010), set forth a three-part analysis that a district court in this Circuit must conduct in evaluating whether allegations in a complaint survive a 12(b)(6) motion to dismiss: First,

---

[13] Complaint ¶ 9 and Exhibit 1 thereto.
[14] Scholastic Memorandum of Law (Doc. 7), p. 4.
[15] Complaint ¶¶ 9-13.
[16] S.D.N.Y. Case No. 14-cv-7805-TPG.
[17] Bruss Decl. Ex. E ("Stipulation and Order for the Protection and Exchange of Confidential Information").
[18] Bruss Decl. Ex. F (Declaration of Clyde A. Shuman), ¶¶ 3-4.
[19] Bruss Decl. ¶ 7.

the court must 'tak[e] note of the element a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should xrelief.'"[20]

Scholastic argues that Greenberg's Complaint "fails to allege 'by what acts and during what time'" Scholastic infringed Greenberg's Photographs.[21] But copyright infringement is not a special matter that must be pleaded with particularity under Fed. R. of Civ. Proc. 9, and Rule 8(a) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."[22] A complaint is sufficient if it gives a defendant "fair notice" of the claims against it and the grounds for relief.[23]

Scholastic cites *Gee v. CBS, Inc.*,[24] for the proposition that Rule 8 requires a plaintiff to "particularize [his] claim," by alleging: "(1) which specific original works are the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the work in question has been registered with the Copyright Office in accordance with the statute; and (4) by what acts and during what time defendant has infringed the copyright."[25] But a more recent case – *John Wiley & Sons, Inc. v. Golden*[26] – calls *Gee* into doubt. Quoting *Bradshaw v. American Institute for History Education*,[27] *Golden* states: "The *Gee* pleading standard, however, 'has not been embraced by any Third Circuit panel (other than the one that affirmed without opinion that court's

---

[20] *Visuals Unlimited, Inc. v. Pearson Education, Inc.*, 2014 Copr.L.Dec. P 30,593, 2014 WL 1395043 at * 3 (E.D. Pa. 2014) (Slomsky, J.) (denying publisher's motion to dismiss plaintiff's claims for contributory copyright infringement, and fraud).
[21] Scholastic's Memorandum (Doc. 7), p. 4.
[22] Fed. R. Civ. Proc. 8(a)(2).
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[24] 471 F.Supp. 600, 643 (E.D. Pa.), *aff'd*, 612 F.2d 572 (3d Cir. 1979).
[25] Scholastic's Memorandum (Doc. 7) pp. 3-4, *citing Gee*, 471 F.Supp. at 643.
[26] 2015 WL 716880 (D.N.J. 2015).
[27] 2013 WL 1007219 (D.N.J. 2013).

disposition.'"[28] "As a result, 'courts in [New Jersey] have routinely allowed copyright infringement claims to proceed upon a plaintiff's allegations of the two essential elements of ownership and copyright, without seeming to require more.'"[29] *Golden* concluded "so long as the two elements of copyright infringement have been pled, Defendants will have fair notice under Rule 8(a) of the claims against them."[30]

*Golden* is consistent with decisions of the Supreme Court and Third Circuit which identify only two elements that must be alleged: "(1) ownership of a valid copyright, and (2) copying of elements of the work that are original."[31] Hence, many Courts in this District – including *Keller* and *Sony BMG Music Entertainment v. Cloud*[32] – have rejected pleading-stage challenges to copyright infringement claims, without imposing any requirement that the complaint identify with specificity "by what acts and during what time" the copyright was infringed.[33] As *Sony BMG Music* explained, the question is whether a plaintiff has identified "sufficient relevant underlying facts" to provide "fair notice of Plaintiffs' claims and the grounds on which they are based, in satisfaction of the Rule 8 notice pleading standards."[34] A "Defendant's 'attempts to scrutinize the [Complaint] for an absence of details stands in direct opposition to these standards[,] demands an unduly stringent

---

[28] *Golden,* 2015 WL 716880 at * 9, *quoting Bradshaw*, 2013 WL 1007219 at * 4, n. 4.

[29] *Golden*, 2015 WL 716880 * 9 (collecting cases).

[30] *Id.* Many other courts have likewise rejected the notion that there is any heightened pleading standard in copyright cases. *See Robert Kubicek Architects & Associates, Inc. v. Bosley*, 2009 WL 3188391 * 1-2 (D. Ariz. 2009). "Courts within the Ninth Circuit have generally found that a plaintiff need only allege 'the basic elements of infringement' to plead a valid copyright infringement claim." *Alaska Stock, LLC v. Pearson Educ., Inc.*, 2012 WL 7801875 * 3 (D. Alaska 2012).

[31] *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *Dun & Bradstreet Software Services, Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002) (same).

[32] 2008 WL 3895895 (E.D. Pa. 2008) (Rufe, J.).

[33] *See Briggs v. Gall*, 2014 WL 12616828 *2 (E.D. Pa. 2014) (citing two elements of infringement in *Feist* and disagreeing with "argument that the complaint lacks specificity as to the alleged infringement"); *H2L2 Architects/Planners, LLC v. Tower Investments, Inc.*, 2013 WL 373281 *3 (E.D. Pa. 2013) (plaintiff's allegations "though somewhat lacking in specificity, cross the line set forth in *Twombly* and *Iqbal* to render the claim plausible and thus survive a motion to dismiss"; allegations "accepted as true at this stage of the litigation, state a claim for copyright infringement").

[34] *Sony BMG Music,* 2008 WL 3895895 *2.

degree of specificity,' and will be denied."[35]

As the Supreme Court has repeatedly emphasized, courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim that is plausible on its face."[36] "[S]pecific facts are not necessary" to survive a motion to dismiss.[37] A complaint attacked by a Rule 12(b)(6) motion "does not need detailed factual allegations"; instead, factual allegations are "enough" if they "raise a right to relief above the speculative level."[38] Moreover, one of the "key questions" is "*how much detail realistically can be given*, and should be given, about the nature and basis or grounds of the claim."[39] Less detail is required where, as here, the defendant has control of the details regarding its own wrongdoing and is unwilling to divulge any of them.[40]

**2. Scholastic's motion fails because it misrepresents Greenberg's pleading; many courts have rejected pleading-stage challenges like Scholastic's.**

**a. Greenberg has adequately alleged "by what acts" Scholastic infringed.**

Scholastic does not argue that the Complaint is deficient because it does not specify the original works at issue, or adequately allege copyright ownership and registration.[41] Instead, Scholastic argues only that Greenberg has not alleged "by what acts and during what time" Scholastic infringed Greenberg's copyrights.[42] But this is incorrect. Contrary to Scholastic's representations, Greenberg *has* alleged in detail "by what acts" Scholastic infringed Greenberg's copyright. As discussed above in Section II.B, Greenberg alleges that Scholastic used Greenberg's

---

[35] *Id.*

[36] *Twombly*, 550 U.S. at 570.

[37] *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

[38] *Twombly*, 550 U.S. at 555.

[39] *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (emphasis added).

[40] *See* Section II.C and D, above.

[41] Exhibit 1, incorporated by reference in the Complaint, provides a thumbnail and description of each Photograph, its "Image ID," and copyright registration numbers and dates.

[42] Memorandum of Law (7), p. 4.

images in Scholastic's publications without any license or exceeded the scope of limited licenses issued to Scholastic.[43] For each image at issue, Exhibit 1 to the Complaint alleges the information that Greenberg has about the licenses issued, *i.e.*, the invoice number, invoice date, and licensor, and in most instances, publication titles and license limits.[44] And Greenberg avers upon information and belief Scholastic exceeded the licenses and infringed Plaintiff's copyright in very specific ways including, for example, "printing or distributing more copies of the Photographs than authorized."[45]

Notably, Scholastic brought an identical motion to dismiss in *Keller*,[46] arguing that Keller did not identify "by what acts and during what time his copyrights were allegedly infringed."[47] Judge Beetlestone denied the motion.[48] Other courts have also denied motions like Scholastic's. In *Young-Wolff v. McGraw-Hill School Education Holdings, LLC*,[49] Judge Kimba Wood denied a motion to dismiss, finding that allegations just like Greenberg's "adequately describe 'by what acts' Defendants infringed Plaintiff's copyrights."[50] Judge Dow reached the same conclusion in *Frerck v. Pearson Education, Inc.*: "Pearson … argues that, in order to state a claim for copyright infringement, Frerck must plead specific details as to each infringing act. Pearson is mistaken. This requirement would impose a higher burden on copyright claims than is required under the federal rules. Notice pleading, not fact pleading, is all that is required to survive a motion to dismiss under Rule

---

[43] Complaint (Doc. 1) ¶¶ 9-10.

[44] Complaint (Doc. 1), Ex. 1. There are only 9 rows in Exhibit 1 where Greenberg is unable to identify the infringing publication or license limits, because PhotoEdit did not disclose that information in its royalty statements.

[45] *Id.* ¶ 11 (a) – (e).

[46] *Compare* the Complaint herein to *Keller*, Doc. 1 (Complaint) (Bruss Decl., Ex. A).

[47] *See Keller*, Doc. 16-1 (Bruss Decl., Ex. B), p. 6.

[48] *Id.* Doc. 26.

[49] 2015 Copr.L.Dec. P 30,745, 2015 WL 1399702 (S.D.N.Y. 2015).

[50] *Id.* at * 3 ("[t]o the extent that Defendants demand more specificity – including which individual license terms were violated for each particular photograph – they misconstrue the applicable pleading standard").

12(b)(6).”[51]

> **b.** **Greenberg has also adequately alleged the time of infringements.**

Greenberg alleges on information and belief that infringed copyright "[s]hortly after obtaining access to the Photographs."[52] In *Young-Wolff,* Judge Wood found that this kind of allegation regarding the approximate time period of infringement is adequate:

> "By pleading that Defendants' infringement took place either shortly before or shortly after particular dates related to each photograph's license, the FAC provides fair notice of the approximate timing of Defendants' alleged wrongdoing…. The FAC's language, although somewhat imprecise, provides fair notice of the approximate time period of Defendants' alleged infringement. That is all that rule 8 requires."[53]

Moreover, the only genuine "timing" question is whether the infringements at issue occurred while the plaintiff owned the right infringed.[54] Hence, "it is sufficient that the complaint alleges that the infringing acts took place during the time that [plaintiff] owned the rights" at issue.[55] Here, copyright ownership vested in Greenberg initially as the author of the Photographs under 17 U.S.C. § 201(a). The Complaint alleges that Greenberg owns the copyrights at issue and that he, as copyright owner, granted the Licensees authority to issue sublicenses to Scholastic.[56] Greenberg also alleges Scholastic obtained access to the Photographs from the Licensees and infringed "shortly after obtaining access."[57] No more details about "time" are required to state a plausible claim.

---

[51] 2012 WL 1280771 *3 (N.D. Ill. 2012).

[52] Complaint (Doc. 1) ¶ 11.

[53] 2015 WL 1399702 * 4.

[54] *See* 17 U.S.C. § 501(b) ("The legal or beneficial owner of an exclusive right under a copyright is entitled … to institute an action for any infringement of that particular right committed while he or she is the owner of it.").

[55] *Richard Feiner and Co., Inc. v. Larry Harmon Pictures Corp.*, 38 F.Supp.2d 276, 279 (S.D.N.Y. 1999) (also observing that "further specificity" at the pleading stage "is not required").

[56] *See* Complaint (Doc. 1) ¶¶ 6-8, Ex. 1.

[57] *Id.* ¶¶ 9 and 11.

c. **Greenberg is not required to plead details that Scholastic alone knows.**

Scholastic argues the Complaint is insufficient because it does not identify all of the publications in which the Photographs were used, or *exactly* when they were published. The argument fails because the additional detail Scholastic apparently contends should be in the Complaint is uniquely in Scholastic's possession. Scholastic knows whether it used the images identified in Exhibit 1 to the Complaint in one or more of its own publications at or around the time it obtained access to the Photographs, and presumably has the invoices identified in the Complaint. And Scholastic unquestionably knows when it published the infringing books identified in the Complaint, and when it exceeded the parameters of any licenses it obtained.

Notably, courts have rejected motions like Scholastic's concerning copyright infringement claims arising from a publisher's infringement of photographs obtained through third parties where, as here, the plaintiff has alleged the facts that are known to the plaintiff at the time the Complaint is filed. In the Southern District of New York, Judge Failla rejected identical arguments in two cases – *Lefkowitz v. John Wiley & Sons, Inc.*[58] and *Lefkowitz v. McGraw-Hill Global Education Holdings, LLC.*[59] In addition to rejecting arguments that the plaintiff did not adequately specifically identify the time period of infringement, Judge Failla also found that the plaintiff "need not include allegations" identify specific "publications" and "information regarding the license limits" "in order to plead his claim for copyright infringement adequately."[60]

Courts have also found that where, as here, additional factual detail is uniquely in the defendant's possession, a plaintiff is not required to plead those details; instead he may properly

---

[58] 2014 WL 2619815 at * 23 (S.D.N.Y. 2014).

[59] 23 F.Supp.3d 344 (S.D.N.Y. 2014).

[60] *Lefkowitz v. McGraw-Hill*, 23 F.Supp.3d at 354, *citing Wu v. Pearson Educ., Inc.*, 2010 WL 3791676 * 6 (S.D.N.Y. 2010 (holding that plaintiff's complaint alleged a claim for copyright infringement where plaintiff alleged that defendant had exceeded the allowed print run on the licenses governing the works at issue without first seeking prior authorization or paying the additional licensing fee).

plead claims upon information and belief. For example, the District Court in another very similar textbook infringement case, *Clifton v. Houghton Mifflin Harcourt Pub. Co.,*[61] concluded that a photographer's allegations upon information and belief were sufficient:

> "The Second Circuit has [held] (in a copyright case) that the *Twombly* and *Iqbal* plausibility standard allows factual allegations made 'upon information and belief' where (1) 'the facts are peculiarly within the possession and control of the defendant,' or (2) 'where the belief is based on factual information that makes the inference of culpability plausible.' *Arista Records, LLC v. Doe 3,* 604 F.3d 110, 120 (2d Cir. 2010). Several lower courts, including at least one in this district, have followed this approach. [Citations.] A leading treatise endorses it. *See* Wright & Miller, 5 Fed. Prac. & Proc. Civ. § 1224 (3d ed. 2015). The court applies the approach here."[62]

*Clifton* concluded that the plaintiff had "alleged what he can, based on the information he has. The additional facts needed to substantiate his 'information and belief' allegations are 'peculiarly with in the possession and control' of [the defendant]. The court concludes Mr. Clifton alleged a plausible claim for relief."[63] This Court should reach the same conclusion.

### d. The cases cited in Scholastic's Memorandum do not help it.

Scholastic misplaces its reliance on *Yamashita v. Scholastic, Inc.,*[64] which is an outlier and inconsistent with the weight of authority in this Circuit regarding standards for pleading copyright infringement discussed above. Judge Forrest provided little if any reasoning *Yamashita*. Instead, she merely makes conclusions in brief opinions, without analysis and articulated in time-worn non-specific verbiage. Her opinions also fail to distinguish cases sustaining nearly identical complaints under similar facts.

---

[61] __ F.Supp.3d __, 2015 WL 9319402 (N.D. Cal. 2015).

[62] *Id.* at *3.

[63] *Id.*

[64] No. 16-CV-9201 (KBF), 2017 WL 74738 (S.D.N.Y. Jan. 5, 2017). Judge Forrest granted the plaintiff's motion for reconsideration, and granted leave to amend one of plaintiff's claims in more detail. *See Yamashita*, Doc. 41 (Order, Feb. 28, 2017). The plaintiff in *Yamashita*, represented by Greenberg's counsel herein, intends to appeal the dismissal of the plaintiff's remaining claims.

The other cases Scholastic cites are also distinguishable. In *Douglas v. Kimberly-Clark Corp.*,[65] following the *Gee* pleading standard, the District Court found plaintiff had not identified the "specific original work" that was "the subject of the claim," and had not shown the copyright was registered.[66] Here, Greenberg has specifically identified each of the photographs at issue, along with registration information.[67] *Douglas* also found that the plaintiff had "not provided the time or the dates on which defendant infringed," but granted leave to amend.[68] Here, as discussed above, Greenberg has adequately pleaded that the copyrights at issue were infringed shortly after Scholastic obtained access to the Photographs.

In *Quadratec, Inc. v. Turn 5, Inc.*,[69] which Scholastic tries unsuccessfully to dismiss in a footnote,[70] Judge Surrick rejected arguments much like Scholastic's. Notably, *Quadratec* distinguished *Palmer Kane LLC v. Scholastic Corp.*,[71] which Scholastic also relies upon here. As Judge Surrick explained, "[i]n *Palmer Kane*, the plaintiff provided a list of copyrighted works at issue; however, the complaint indicated that the 'list is not exhaustive.'"[72] Judge Surrick found that "*Palmer Kane* is easily distinguished," in a case like this one, in which the plaintiff has "alleged the copyrighted works at issue," and thus "has provided Defendant with fair notice of the claims it asserts."[73] *Quadratec* also

---

[65] 1992 WL 189411 (E.D. Pa. 1991).

[66] *Id.* at *1.

[67] Complaint (Doc. 1), Ex. 1.

[68] *Douglas*, 1992 WL 189411 *1.

[69] 2015 WL 4876314 (E.D. Pa. 2015).

[70] Memorandum of Law (Doc. 7), p. 5, n. 1. There is no merit in Scholastic's argument that Greenberg's Complaint is "purposely vague, attempting to use this action to gain an audit of Scholastic's uses of its Photographs." As discussed in the text above, the information Scholastic says is missing from the Complaint is uniquely in Scholastic's own possession, and Greenberg is not seeking any "audit."

[71] 2013 WL 709276 (S.D.N.Y. 2013).

[72] *Id.* at * 5.

[73] *Id.* (holding that "[t]he Complaint sufficiently states a plausible claim for copyright infringement"), citing *Lefkowitz v. John Wiley & Sons, Inc.*, 2014 WL 2619815 at * 23 (S.D.N.Y. 2014), and *Schneider v. Pearson Educ., Inc.*, 2013 WL 1386968 (S.D.N.Y. 2013) (declining to dismiss copyright infringement claim where plaintiff provided a list of the photographs subject to infringement, but indicated that

rejected an argument, like Scholastic's, that a complaint is insufficient if it does "not provide the exact date of infringement for each of the images."[74] Judge Surrick found that "it is not fatal to [Plaintiff's] copyright claim that the Complaint fails to specify how each particular photograph has been infringed."[75]

### B. Scholastic's "audit" argument lacks merit.

Scholastic misrepresents Greenberg's position when it asserts that Greenberg "admits" that he is seeking an "audit."[76] Greenberg has never made any such "admission" and, in fact, Greenberg has not requested any "audit" in his Complaint or otherwise. Scholastic is just making this up. Further, Scholastic made nearly identical "audit" arguments in *Keller*, yet Judge Beetlestone denied Scholastic's motion to dismiss in its entirety.[77]

Further, what Scholastic appears to *actually* seek through its "audit" arguments is an improper, pre-emptive ruling that Greenberg will not be entitled to *discovery* of Scholastic's uses of the images – even though Greenberg has adequately pleaded his copyright infringement claims – because that *discovery* would somehow amount to an "audit." But Greenberg's right to discovery in this infringement action does *not* depend upon a right to sue for an "audit" under the Copyright Act. Notably, in *Keller* Judge Beetlestone has *twice* granted motions to compel Scholastic to provide

---

*(cont'd from previous page)*

the infringement was not limited to these claims, and holding that the plaintiff's claim was limited to the works identified in the list).

[74] *Id.*

[75] *Id., quoting Warren v. John Wiley & Sons, Inc.*, 952 F.Supp.2d 610, 618 (S.D.N.Y. 2013), and *citing Lefkowitz v. John Wiley & Sons, Inc.*, 2014 WL 2619815 at * 23, and *E. Broad. Am. Corp. v. Universal Video, Inc.*, 2006 WL 767871 (E.D.N.Y. 2006) (finding that plaintiff stated a copyright infringement claim where the complaint alleged that the infringement took place on or before a particular date).

[76] Scholastic's Memorandum (Doc. 7), p. 7.

[77] *See Keller*, E.D. Pa. Case No. 2:16-cv-01829, Doc. 16-1 (Scholastic's Memorandum) (Bruss Decl., Ex. B), pp. 7-9; Doc. 26 ("Order" denying Scholastic's motion) (Bruss Decl., Ex. C).

discovery regarding its uses of the plaintiff's images.[78]  Greenberg is entitled to the same kind of discovery in this case.

The case Scholastic principally relies upon for its "audit" argument – *Young-Wolff v. McGraw-Hill Cos.*[79] – is distinguishable.  In *Young-Wolff*, "Count II of Plaintiff's Complaint request[ed] a declaratory judgment requiring Defendant to disclose to Plaintiff the full scope of Defendant's use of Plaintiff's photographs."[80]  There is no such Count here.  And while Judge Wood found the Copyright Act does not give "a copyright owner … an inherent right to sue a licensee for an audit,"[81] she did *not* conclude that a licensor cannot conduct *discovery* in support of adequately-pleaded copyright infringement claims, or can never have a *contractual* right to an audit.  To the contrary, Judge Wood dismissed the plaintiff's "declaratory judgment claim premised on a contractual right to an audit for lack of subject matter jurisdiction," and notably dismissed that claim "without prejudice," thus leaving open the possibility that the plaintiff could adequately plead such a contract-based audit right.[82]

Moreover, the right to an *accounting* is implicit the Copyright Act's provision for a recovery of a defendant's profits attributable to infringement.[83]  Greenberg also contends Scholastic has retained

---

[78] *Keller*, Doc. 36 ("Order") (Bruss Decl., Ex. G) (in Paragraph 6 ordering Scholastic to "produce to Plaintiff comprehensive information regarding its uses of the images identified in Plaintiff's Amended Complaint … including uses in entirely unlicensed publications…."); Doc. 42 ("Order") (Bruss Decl., Ex. H) (ordering Scholastic to search its records, and produce production files and books, licensing documents and communications, and "comprehensive usage information").

[79] 2014 WL 349711 (S.D.N.Y. 2014).

[80] *Id.* at * 6.

[81] *Id.* at * 7.

[82] *Id.*

[83] *See Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 566 (1985) ("The trial court properly awarded actual damages and accounting of profits."); *Respect Inc. v. Committee on the Status of Women*, 821 F.Supp. 531, 532 (N.D. Ill. 1993) ("[T]he necessary corollary" of 17 U.S.C. § 504(b) "is that the owner is entitled to an accounting of the infringer's profits."  "This Court therefore orders Committee to provide such an accounting forthwith."); *Whelan Associates, Inc. v. Jaslow Dental Laboratory, Inc.*, 609 F.Supp. 1325, 1327 (E.D. Pa. 1985) (ordering an "accounting" of defendant's sale of licenses for infringing computer software programs after the last day of trial).

possession of Greenberg's high-resolution images, and used them without any license in publications Greenberg cannot identify without discovery.[84]  Scholastic is therefore a bailee, with a "duty to account" for its uses of Greenberg's images under the law of bailment.[85]

### C.    In the alternative, Greenberg requests leave to amend.

Greenberg's copyright infringement claims are adequately pleaded, as discussed above.  But if the Court concludes that additional details are required, the Court should grant Greenberg leave to amend.

## IV.   THE COURT SHOULD DENY SCHOLASTIC'S REQUEST FOR LIMITS ON GREENBERG'S DISCOVERY BASED UPON THE STATUTE OF LIMITATIONS.

No limits on Greenberg's discovery should be ordered for the following reasons.  **First**, Scholastic misses the true significance of *Grant Heilman Photography, Inc. v. McGraw-Hill Cos., Inc.*,[86] in which, "[o]n September 24, 2014, the jury returned a verdict in favor of GHPI on all 53 claims" that were submitted to the jury.[87]  Notably, the jury *rejected* the defendants' statute of limitations defense finding that the defendants "had not proven that GHPI was on inquiry notice of McGraw-Hill's infringement" more than three years before the suit was filed.[88]  As Judge Baylson stated, the jury's finding "under the Third Circuit's 'discovery rule,' rendered all of GHPI's claims at issue in the bellwether trial timely."[89]

**Second**, the discovery rule is the law in the Third Circuit,[90] and *Petrella v. Metro-Goldwyn-Mayer,*

---

[84] Complaint (Doc. 1) ¶ 12.

[85] *See Grace v. Corbis Sygma*, 403 F.Supp.2d 337, 348 (S.D.N.Y. 2005) (photography agency that "took lawful possession of Grace's images … had a duty to account for them") (Chin, J.), *vacated on other grounds*, 487 F.3d 113 (2d Cir. 2007).

[86] E.D. Pa. Case No. 5:12-cv-02061-MMB.

[87] *Grant Heilman Photography, Inc. v. McGraw-Hill Companies*, 115 F.Supp.3d 518, 521 (E.D. Pa. 2015).

[88] *Id.*

[89] *Id.*

[90] *William A. Graham Co. v. Haughey*, 568 F.3d 425, 433-37 (3d Cir. 2009) (joining eight sister courts of appeals and holding that "federal discovery rule governs the accrual of civil claims brought under

*Inc.*,[91] did not change that. Courts have uniformly rejected arguments, like Scholastic's, that *Petrella* adopted the "injury rule" instead of the "discovery rule."[92]

**Third**, Scholastic argues that discovery "must necessarily occur when Plaintiff has the information necessary to bring suit," but then Scholastic spins a fictional version of the facts. Contrary to Scholastic's arguments, the gravamen of the majority of Greenberg's claims is that Scholastic infringed copyright by *exceeding license limits*.[93] No infringement claim could be discovered, and accrue, until Scholastic exceeded the limits of the licenses at issue. But, as discussed above, Scholastic treats its usage information as *confidential*, and when it provided usage information in discovery in *Palmer/Kane* it was subject to a *protective order*. Hence, there is no basis for Scholastic's suggestion Greenberg has somehow already discovered when Scholastic first exceeded the scope of the limited licenses granted.

**Fourth**, Scholastic's proposed stay not only would *not* promote efficiency, it would make it *impossible* for the Court to decide any limitations issues. As Judge Dow explained in *Frerck v. John Wiley & Sons, Inc.*, a defendant *cannot* prove a time bar without submitting evidence – on a claim-by-claim basis – of when its infringements began and when if ever) they ended:

> "Defendant's infringement of each photograph was done in a particular way, at a particular time. Defendant has not submitted evidence establishing when its infringement of Plaintiff's images began and ended. Therefore, Defendant's failure to prove when it infringed Plaintiff's images with respect to each claim involved in this motion prevents the Court from determining (1) if Defendant's infringement were timely under any circumstance, and (2) when Plaintiff knew or reasonably should have known of the underlying facts giving rise to each infringement…. Defendant has the burden to prove that Plaintiff's claims are untimely,

---

*(cont'd from previous page)*

the Copyright Act").
[91] 134 S.Ct. 1962 (2014).
[92] *See, e.g., Lefkowitz v. John Wiley & Sons, Inc.*, 2014 WL 2619815 * 13, n. 9 ("[A] suggestion that the Supreme Court may favor the injury rule, without more, does not trump Second Circuit precedent. For now, *Psihoyos* [*v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124-25 (2d Cir. 2014) (adopting the discovery rule)] remains the law of this Circuit.").
[93] Complaint (Doc. 1) ¶¶ 8-12.

and it has failed to do so."[94]

The same analysis will apply here, and it therefore makes no sense for Scholastic to propose that Greenberg be denied immediate discovery – which is going to be essential to resolution of limitations issues – regarding the license limits stated in the invoices, and all of Scholastic's actual uses.

Finally, contrary to Scholastic's argument, the separate-accrual rule stated in *Petrella* – *i.e.*, for successive violations of the Copyright Act the limitations period runs separately from the date of each violation – does not mean Greenberg is limited to recovery for infringements within the three years before suit. *Energy Intelligence Group, Inc. v. Scotia Capital (USA), Inc.*,[95] recently rejected this very argument, holding that "under no reasonable reading of <u>Petrella</u> could the opinion be interpreted to establish a time limit on the recovery of damages separate and apart from the statute of limitations." To the contrary, when a plaintiff brings a copyright infringement action within three years of discovery, there is no limit on the recoverable damages, no matter when the infringement occurred. That was the result on appeal in *Psihoyos*.[96] Other courts have reached the same result. *Panoramic Stock Images, Ltd. v. McGraw-Hill Global Education Holdings, LLC*, for example, found the plaintiff "did not learn, and reasonably could not have learned, that McGraw-Hill infringed specific Panoramic copyrights until at least October 2012,"[97] and the District Court held Panoramic could "pursue damages for all infringing activity that it first became aware of in October 2012, including

---

[94] 2014 WL 3512991 * 6 (N.D. Ill. 2014).
[95] 2017 WL 432805 *2 (S.D.N.Y. Jan. 30, 2017).
[96] The District Court in *Psihoyos* rejected the defendant's argument that the plaintiff's damages were limited to infringing acts occurring in the three years before suit. *Psihoyos v. John Wiley & Sons, Inc.*, 2011 WL 4916299 * 5 (S.D.N.Y. 2011). The Second Circuit affirmed, holding that the "[Copyright] Act's statute of limitations did not bar ***any*** of Psihoyos's infringement claims." 141 F.3d at 125 (emphasis added).
[97] 2015 WL 393381 * 2 (N.D. Ill. Jan. 27, 2015).

infringements that ended in 2008."[98]

## V.    CONCLUSION.

The Court should deny Scholastic's motion in its entirety.  If the Court is inclined to grant Scholastic's Rule 12(b)(6) motion, however, the Court should grant Greenberg leave to amend. Greenberg respectfully requests oral argument.

                                        Respectfully Submitted:

DATED:  May 10, 2017                    Plaintiff Jeffrey Greenberg, by his attorneys,


                                        */s/ Maurice Harmon*

                                        Maurice Harmon
                                        Harmon Seidman Bruss & Kerr, LLC
                                        11 Chestnut Street
                                        New Hope, PA 18938
                                        Tel: 917.561.4434
                                        Email:  maurice@harmonseidman.com


                       CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2017 I caused the foregoing Plaintiff Jeffrey Greenberg's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Complaint or, in the Alternative, to Stay Discovery to be filed via ECF with the Clerk of Court, who will send notification to all counsel of record.


                                        *s/ Maurice Harmon*
                                        Maurice Harmon
                                        Harmon Seidman Bruss & Kerr, LLC

---

[98] *Id.*