# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEFFREY GREENBERG :
    Plaintiff,
: CIVIL ACTION
v. : NO. 16-6353

SCHOLASTIC, INC.
    Defendant. :

## MEMORANDUM

**Jones, II  J.**                                                         **March 28, 2018**

### I.  Introduction

Plaintiff Jeffrey Greenberg, a professional photographer, brings this suit against Defendant Scholastic, Inc. under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, for allegedly using his photographs in its publications without paying him. In response, Defendant has filed a Motion to Dismiss Plaintiff's First Amended Complaint. For the reasons set forth below, Defendant's Motion shall be granted in part and denied in part.

### II.  Background

Jeffrey Greenberg makes his living by creating and licensing photographs. (Am. Compl. ¶ 2.) These photographs have been registered or have registrations pending with the United States Copyright Office. (Am. Compl. ¶ 7.)  Plaintiff entered into licensing agreements with stock photo agencies (licensees), granting them a limited right to sublicense his photos to third parties in exchange for a percentage of the fees they negotiated. (Am. Compl. ¶ 8.)  Beginning in 1998, Defendant obtained access to several of Plaintiff's photographs through the licensees. (Am.

Compl. ¶ 9.) However, any license that Defendant obtained was expressly limited with regard to how it could be used by number of copies, distribution area, image size, language, duration and type of media (print or electronic). (Am. Compl. ¶ 10.)

For purposes of the instant Motion, the photographs at issue can be divided into two categories. The first category involves those for which Defendant was invoiced. (Am. Compl. ¶ 9.) Exhibit 1 to the Amended Complaint identifies the photographs by image ID and includes, among other information, the invoice number, and in some cases, the names of the publications in which the photograph was used.[1] (Am. Compl. ¶ 9, Ex. 1.)

The second category of documents is set forth in Paragraphs 12 and 13 of the Amended Complaint, in which Plaintiff alleges that Defendant, after retaining access to Plaintiff's copyrighted photographs, "used the Photographs in additional publications without permission, or in excess of permission granted." (Am. Compl. ¶¶ 12, 13.) The Amended Complaint goes on to further allege that "Greenberg has no way of discovering the full extent of Scholastic's additional unauthorized uses of his work" and that "Scholastic alone knows the full extent to which it has infringed Plaintiff's copyrights[.]" (Am. Compl. ¶ 14.)

### III.     Standard of Review

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation

---

[1] Said Exhibit also contains "Registration Information," which either includes a registration number and registration date for a particular photograph, or indicates that the registration for that photograph is "pending."

and citation omitted). After the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. 544, 555 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id. Accord Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted).

**IV.     Discussion**

In order to plead a plausible copyright infringement claim, a plaintiff must allege ownership of a valid copyright and unauthorized use of the original, constituent elements of the work. *See Star Athletica L.L.C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002, 1008 (2017); *Tanikumi v. Walt Disney Co.*, 616 F. App'x 515, 519 (3d Cir. 2015); *Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 203 (3d Cir. 2005); *Dun & Bradstreet Software Servs. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002); *Tanksley v. Daniels*, 259 F. Supp. 3d 271, 280 (E.D. Pa. 2017); *Cottrill v. Spears*, Civ. No. 02-3646, 2003 U.S. Dist. LEXIS 8823, at *14 (E.D. Pa. May 22, 2003).

**A.     Registration**

The Copyright Act states that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). Defendant herein asserts that

the majority of photographs at issue lack a completed copyright registration, therefore no claims can be brought regarding use of those photographs.

Courts are split over the interpretation of the language of the statute "with some endorsing an 'application' approach in which a copyright infringement plaintiff may rely on his pending copyright application to bring suit, while others take the 'registration approach'… in which the Copyright Office's issuance of a certificate of registration is a prerequisite to suit." *Patrick Collins, Inc. v. Doe*, 843 F. Supp. 2d 565, 568 (E.D. Pa. 2011). The Third Circuit has not expressly addressed the issue. However, recent cases within the Third Circuit—and in particular, this District—have adopted the "registration approach." *See Dawes-Lloyd v. Publish America, LLLP*, 441 F. App'x 956, 957 (3d Cir. 2011) (per curiam) (granting judgment in favor of Defendant because Plaintiff "did not hold a registered copyright."); *Ford Motor Co. v. Summit Motor Prods.*, 930 F.2d 277, 290-291 (3d Cir. 1991) (reiterating how copyright registrations must be utilized to establish "validity and ownership of the material."); *Browne v. Zaslow*, 103 F. Supp. 3d 666, 671-72 (E.D. Pa. 2015)[2] ("to satisfy § 411 and establish one of the required elements of an infringement claim, Plaintiffs must establish that they hold a registered copyright to the website code."); *Douglas v. Kimberly-Clark Corp.*, Civ. No. 92-3394, 1992 U.S. Dist. LEXIS 11060, at *2-3 (July 29, 1992) (granting motion to dismiss where a plaintiff's Complaint failed to sufficiently allege that the drawing at issue was ever registered pursuant to the Act).

---

[2] *See also Zaslow v. Coleman*, 103 F. Supp. 3d 657 (E.D. Pa. 2015) (related matter in which court dismissed Copyright Act claim for failure to adequately plead the registration requirement).

In this case, Exhibit 1 of Plaintiff's Amended Complaint shows that numerous photographs lack the complete registration required to sufficiently allege ownership of a valid copyright. Accordingly, this Court concludes that for the photographs that lack a complete registration, Plaintiff has not satisfied the pleading requirements for ownership and has therefore not set forth plausible copyright infringement claims. Accordingly, all claims pertaining to the unregistered photographs shall be dismissed.

### B. Specificity of Allegations

Defendant further contends Plaintiff has not satisfied the second element necessary to sustain a copyright infringement claim: unauthorized use of the original, constituent elements of Plaintiff's works. In support of same, Defendant cites to *Gee v. CBS* for the proposition that in the context of a copyright claim, Federal Rule of Civil Procedure 8(a), requires that the plaintiff "particularizes [his] claim so defendants would have sufficient notice to permit them to file a responsive pleading." *Gee v. CBS, Inc.*, 471 F. Supp. 600, 644 (E.D. Pa. 1979), *aff'd*, 612 F.2d 572 (3d Cir. 1979). Specifically, the court in *Gee* opined that in order to survive a motion to dismiss, the complaint must include "which specific original works is the subject of the copyright claim, that plaintiff owns the copyright, that the work in question has been registered in compliance with the statute and by what acts and during what time defendant has infringed the copyright." *Id*. at 643. However, the statute of limitations and other time-based issues were a major factor in the *Gee* court's analysis. Moreover, said court was deliberate to point out: "we are again constrained to note that plaintiffs have already had three bites at the apple. In view of the ample discovery allowed and the extensive opportunity to specify their claims, the interests

5

of even minimal judicial decorum dictate that plaintiffs not be given a fourth. We so exercise our discretion." *Id.* at 644. Such is simply not the case here.

Plaintiff's Amended Complaint alleges improper use of all photographs listed in Exhibit 1 but only provides essential facts[3] regarding six (6) particular instances. (Am. Compl. ¶ 13, Exs. 2, 3.) Scholastic argues that the Amended Complaint fails to identify how or when the photographs were allegedly infringed. Upon review of the photographs cited in these instances, in conjunction with the registration information provided by Plaintiff in exhibits to his Amended Complaint, this Court finds that Plaintiff's allegations are deficient with regard to all but one photograph. (Am. Compl. Ex. 3 No. 3)[4]

In his Amended Complaint, Plaintiff states that he has no way of discovering the "full extent of Scholastic's additional unauthorized uses of his work." (Am. Compl. ¶ 14) In that regard, he alleges a "belief" that Defendant has been improperly using all of the photographs contained in Exhibit 1 of the Amended Complaint since 1998. (Am. Compl. ¶¶ 8-12.) However, these allegations fall woefully short of minimal pleading requirements and Plaintiff is not entitled to embark upon a fishing expedition via discovery . . .

> Given what little the complaint tells us, there is nothing reasonable about [Plaintiff's] expectation that taking discovery would reveal any infringement. As the District Court found, [Plaintiff's] factual basis for establishing infringement was so thin that it failed to meet even the minimal pleading standard under Fed. R. Civ. P. 8(a). He is plainly not entitled to burden [Defendant] with discovery, even on the limited issue of its software usage, given the deficiencies of his complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 686, 129 S. Ct. 1937, 173 L. Ed. 2d

---

[3] Including an image ID number, registration number, the number and date of the invoice as well as the name of the licensor, and the publication in which the photograph appears.
[4] Although Exhibit 3 to the Amended Complaint indicates that the photographs for all six instances have been registered, only one photo's (No. 3) registration number and description matches the information provided in Exhibit 1.

868 (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise."). Indeed, "were we to reverse the dismissal here to allow for discovery," all we would be doing would be providing [Plaintiff] the opportunity "to conduct a fishing expedition in order to find a cause of action." *Ranke v. Sanofi-Synthelabo Inc*., 436 F.3d 197, 204 (3d Cir. 2006). That we will not do.

*Levey v. Brownstone Inv. Group, LLC*, 590 F. App'x 132, 137 (3d Cir. 2014).

To the extent Plaintiff is able to reconcile the information provided in Exhibit 3 of his Amended Complaint with that provided in Exhibits 1 and 2, he shall be permitted leave to amend those items one final time.[5]

---

[5] A plaintiff may not amend pleadings via a Response to a Motion to Dismiss. *See Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.,* 836 F.2d 173, 181 (3d Cir. 1988) ("'It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.'") (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir. 1984)).

## V. Conclusion

For the reasons set forth above, all copyright infringement claims against Defendant shall be dismissed, except that pertaining to Plaintiff's "lobsterman" photo (Image I.D. 1999-ME-002, Registration No. 4071307564). Plaintiff shall be granted leave to amend with specific regard to items 1 through 3, 5 and 6 of Exhibit 3 to his First Amended Complaint.

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II      J.