IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY GREENBERG<br>Plaintiff, | : | |
| v. | : | CIVIL ACTION<br>NO. 16-6353 |
| SCHOLASTIC, INC.<br>Defendant. | : | |

**MEMORANDUM**

Jones, II   J.                                                                                              November 30, 2018

**I.**   **INTRODUCTION**

Plaintiff Jeffrey Greenberg (photographer) brought the above-captioned action against Defendant Scholastic (publisher), alleging violations of the Copyright Act, 17 U.S.C. §§ 101 *et seq*. Plaintiff claims Defendant used his photographs beyond the permitted licensed use, as well as published and distributed Plaintiff's copyrighted photos completely without license.  (Am. Compl. ¶ 12.)  Currently before the court is Plaintiff's Motion for Clarification and for Leave to Amend. For the reasons set forth below, Plaintiff's Motion shall be granted.

**II.**   **RELEVANT BACKGROUND**

In the interest of brevity, this Court refers the parties to its Memorandum dated March 28, 2018 (ECF No. 16), for a full recitation of the pertinent facts.

**II.**   **STANDARDS OF REVIEW**

**A.  CLARIFICATION**

"The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *Resolution Trust Corp. v. KPMG Peat Marwick*,

1

Civ. 92-1373, 1993 U.S. Dist. LEXIS 16546, at *5 (E.D. Pa. Jun. 8, 1993). Conversely, "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "[A] motion for clarification is not defined by the nomenclature used by the movant," rather, depending on the nature of the movant's request, a motion for clarification may be characterized as "as [a motion] to alter or amend." *Air & Liquid Sys. Corp. v. Allianz Underwriters Ins. Co.*, Civ. 11-247, 2014 U.S. Dist. LEXIS 117827, at *87 (W.D. Pa. Aug. 15, 2014) (citing *SEC v. Dowdell*, 144 F. App'x 716, 720 (10th Cir. 2005)). This characterization arises when a party "seeks to have the court modify its opinion." *Asirifi v. Omni Asset Management, LLC*, Civ. 11-4039, 2013 U.S. Dist. LEXIS 129584, at *4 (D.N.J. Sep. 11, 2013); *see also Resolution Trust Corp. v. KPMG Peat Marwick,* Civil Action No. 92-1373, 1993 U.S. Dist. LEXIS 16546, at *2 (E.D. Pa. June 8, 1993) (treating a motion for clarification that sought to "modify this court's previous Orders and not simply clarify them" as a motion for reconsideration).

When bringing what essentially constitutes a motion for reconsideration,

> It is improper to ask the court to rethink what it has already thought through — rightly or wrongly. Rather, a motion for reconsideration may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice."

*Asirifi*, 2013 U.S. Dist. LEXIS 129584, at *4 (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). As such, "[r]econsideration is an extraordinary remedy that is to be granted very sparingly." *Id.*

**B. AMENDMENT**

Amendments to a Complaint may be made as a matter of course, but only if the amendment occurs within: "21 days after serving it, or . . . if the pleading is one to which a

2

responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). Inasmuch as the conditions for amendment as a matter of course are absent here, amendment is only permitted by leave of court or with the written consent of the opposing party. FED. R. CIV. P. 15(a)(2). Leave must be freely granted "when justice so requires." *Id.* However, leave may be denied where undue delay, bad faith, dilatory motive, prejudice, or futility are present. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). In examining futility, the legal standards of Rule 12(b)(6) must be applied. *Id.*

**IV.     DISCUSSION**

Plaintiff's Motion contains several requests with respect to this Court's prior Memorandum (ECF No. 16) and Order (ECF No. 17). Plaintiff "is unclear as to whether [his] claims were dismissed for lack of registration, or for some other reason not specified." (Pl.'s Mot. Clarification 2, ECF No. 18.)[1] This Court's review of the instant Motion and accompanying exhibits reveals information that was available to Plaintiff's counsel prior to the court's assessment of Plaintiff's First Amended Complaint, yet was not provided to the court at that time. Specifically, the exhibits Plaintiff now submits in support of his Motion for Clarification contain registration dates (January 28, 2017 and January 29, 2017) that were classified by counsel as "registration pending" in the Amended Complaint filed on May 12, 2017. (ECF Nos. 11-1, 18-2.) Plaintiff has also submitted a Notice of Supplemental Authority

---

[1] In fact, this Court specifically held that "for photographs that lack a complete registration, Plaintiff has not satisfied the pleading requirements for ownership and has therefore not set forth plausible copyright infringement claims. Accordingly, all claims pertaining to the unregistered photographs shall be dismissed." (ECF No. 16 at 5.) With regard to all but one of the remaining photographs, this Court held "Plaintiff has not satisfied the second element necessary to sustain a copyright infringement claim: unauthorized use of the original, constituent elements of Plaintiff's works." (ECF No. 16 at 5.)

3

regarding a decision handed down by the Third Circuit on November 21, 2018. Therefore, inasmuch as Plaintiff's Motion asks this Court to "modify its opinion" and new information has now been provided to the court, said Motion shall be assessed as one for reconsideration.

### A. RECONSIDERATION OF PRIOR MEMORANDUM

Federal courts are split as to the proper manner in which a plaintiff may allege a copyright infringement claim. Among the district courts, there are two ways to analyze a Complaint alleging copyright infringement at the motion to dismiss stage—a two-prong *prima facie* standard, or a four-factor standard. However, the latter is merely an elaboration of the former; the four-factor standard allows a court to reasonably infer the existence of the two-prong *prima facie* standard.

The two-prong *prima facie* standard, which this Court applied in its prior Memorandum, is provided for by the Supreme Court: "To establish infringement two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). In other words, a plaintiff must show the work at issue is "subject to valid copyright," how the work at issue was copied, and that the work is original. *Id*. at 361-62.

Following the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. 544, 555 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

The four-factor test does not displace *Feist*'s two-prong *prima facie* standard. *Feist* outlines two baseline requirements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." 499 US at 361. Prong two may be broken into two subparts: a "copying" requirement and an "originality" requirement. *Id*. at 362. The Supreme Court additionally identified in *Reed Elsevier Inc. v. Muchnick* that 17 U.S.C. § 441(a) "imposes a [registration] precondition" to filing a copyright infringement claim. 559 U.S. 154, 166 (2010). Therefore, the four-factor test provides an analytical framework for identifying whether the *Feist* and *Reed Elsevier* requirements can potentially be fulfilled through discovery. As such, courts within the Third Circuit have begun using the four-factor test as a guideline for analyzing pleadings. *See Micro Focus (US), Inc. v. Ins. Servs. Office,* 125 F. Supp. 3d 497, 501 (D. Del. 2015) ("To survive a motion to dismiss, a claim must allege: '(1) which specific original works are the subject of the copyright claim; (2) ownership of the copyrights in those works; (3) registration of the works in question with the Copyright Office in accordance with 17 U.S.C. §§ 101, et seq.; and (4) by what acts the defendant infringed the copyright.'") (quoting *Key Consolidated 2000, Inc. v. Troost*, 432 F. Supp. 2d 484, 488 (M.D. Pa. 2006); *Browne v. Zaslow*, 103 F. Supp. 3d 666, 671 (E.D. Pa. 2015) (same).

Utilizing the foregoing framework in conjunction with updated information provided by Plaintiff in his submissions, this Court shall reassess the propriety of his claims.

    i.    **IDENTIFICATION OF SPECIFIC ORIGINAL WORKS AS SUBJECT OF THE COPYRIGHT CLAIM**

In order to adequately identify specific original works as subject to a copyright claim, a plaintiff's Complaint "must specify which works are at issue in the case." *Palmer Kane LLC v. Scholastic Corp.* Civ. 12-3890, 2013 U.S. Dist. LEXIS 27196, at *7-8 (S.D.N.Y. Feb. 27, 2013). The list must be exhaustive, and the claims must be limited to these works. *Id.* In *Palmer*, the

5

"plaintiff provided a spreadsheet listing its works, and the registration numbers for a small number of these works, but alleged that the copyright claims are not limited to these works." *Id.* at *7. The court found this to be insufficient. *Id.* at *8.

In this case, *to the extent* Plaintiff's claims are limited to the corresponding information set forth in the spreadsheets and copies contained in Exhibits 1 through 3 (ECF Nos. 11-1, 11-2, 11-3), Plaintiff fulfilled this requirement.

### ii. OWNERSHIP

The second consideration pertains to whether the work is copyrightable as the plaintiff's original creation. *Feist*, 499 U.S. at 430 (citing *Trade Mark Cases,* 100 U.S. 82, 94 (1879)). "Proof of ownership of a valid copyright requires a plaintiff to show originality, copyrightable subject matter, and compliance with statutory formalities." *Gemel Precision Tool, Co. v. Pharma Tool Corp.*, Civil Action No. 94-5305, 1995 U.S. Dist. LEXIS 2093, at *6-8 (E.D. Pa. Feb. 16, 1995). To this end, "[p]ursuant to 17 U.S.C. § 410(c), registration certificates constitute 'prima facie evidence of the originality of the work and the facts stated in the certificates.'" *FMC Corp. v. Control Solutions, Inc.*, 369 F. Supp. 2d 539, 571-572 (E.D. Pa. 2005) (quoting *Chere Amie, Inc. v. Windstar Apparel, Corp.*, 191 F. Supp. 2d 343, 349 (S.D.N.Y. 2001)).

In this case, Plaintiff generally alleged ownership by stating he "is the owner of copyrights in the photographic images ("Photographs") described and depicted in Exhibits 1-3 hereto." To the extent several of these photographs had not yet been properly registered, his Amended Complaint was deficient with regard to ownership of all of the works presented.

### iii. REGISTRATION OF THE WORKS

With respect to the third consideration, a plaintiff may not merely state that he or she has applied for the copyright; instead, factual statements alleging a registered copyright are required.

6

*Micro Focus*, 125 F. Supp. 3d 497 at 502.[2] Courts are divided as to whether said statement must be accompanied by a certificate of registration. "The Third Circuit has not definitively addressed this issue" but it may be the case that because "registration [with] the copyright office is a precondition to instituting a copyright action," a plaintiff must "attach…registration" to his or her complaint. *Browne*, 103 F. Supp. 3d at 671; *see also Flynn v. Health Advocate, Inc.*, Civil Action No. 03-3764, 2004 U.S. Dist. LEXIS 293, at *12 (E.D. Pa. Jan. 13, 2004) ("[P]roperly pleading the specific original work that is the subject of the copyright claim is often times accomplished by attaching the Copyright Registration to the Complaint.") (citing *Flynn*, 2004 U.S. Dist. LEXIS 293, at *12).

Despite the existence of an "application" standard and a "registration" standard, "[the Third Circuit has] suggest[ed] favoring the 'registration' approach…[to a] copyright infringement pleading standard," and there is a "trend among district courts in this Circuit…to adopt [it]." *Micro Focus (US) Inc*., 125 F. Supp. 3d at 502; *see also Zany Toys, LLC v. Pearl Enters., LLC*, Civil Action No. 13-5262, 2014 U.S. Dist. LEXIS 70852, at *32-33 (D. N.J. May 23, 2014) ("At the time it filed its Amended Complaint . . . Zany Toys did not have a registered copyright for its product design. Evidence of an application for registration is insufficient to establish a likelihood of success on the merits for a copyright infringement claim. Therefore, because of Zany Toys' failure to establish the necessary pre-condition of having registered its copyright before filing its Amended Complaint, it has failed to allege a prima facie case for copyright infringement.") (citing *N. Jersey Media Group*, Civ. No. 2:12-3568, 2013 U.S. Dist. LEXIS 1536, at *7 (D. N.J. Jan. 4, 2013)); *Levey v. Brownstone Inv. Group, LLC*, Civil Action

---

[2] *See also Reed Elsevier,* 559 U.S. at 166 ("Section 411(a) imposes a precondition to filing a claim[.]")

7

No. 11-395, 2012 U.S. Dist. LEXIS 12175, at *8-10 (D.N.J. Feb. 1, 2012) (dismissing a plaintiff's Amended Complaint for lack of registration prior to commencement of suit). Marking or indicating a photo as "pending registration" is simply insufficient. *See* 37 CFR §§ 202.16(c)(10)–(11) (the copyright office issues an email to the applicant "upon completion of preregistration" and will provide a paper certificate upon request).[3] Accordingly, a plaintiff alleging copyright infringement must do more than merely allege photos are "pending registration." (Am. Compl.¶ 7, ECF No. 11.) Inasmuch as several of Plaintiff's works did not possess registered copyrights at the time he commenced suit, those works were properly dismissed.

### iv. ACTS BY WHICH DEFENDANT INFRINGED THE COPYRIGHT

The fourth element is derived from the impetus to provide a defendant with proper notice of the alleged infringement. It is with this element that this Court finds Plaintiff was most deficient with respect to his pleadings.

In order to satisfy the fourth element, a plaintiff must—at the very least—provide enough specific factual allegations "such that the [d]efendant is on notice as to the nature of their allegedly infringing acts." *Bradshaw v. Am. Int. for History Educ.*, Civil No. 12-1367, 2013 U.S. Dist. LEXIS 34566 at *12 (D. N.J. March 13, 2013).[4]

---

[3] "Application" and "preregistration" are different in that a plaintiff alleging that he or she has applied for a copyright does not mean he or she has been issued this preregistration notice. Accordingly, the "registration" approach described *supra* requires averments that a preregistration notice or final registration certificate has been issued.

[4] The *pro se* plaintiff in *Bradshaw* limited his claims to a timeframe of four (4) years within which the alleged infringement may have occurred, and gave the defendant notice regarding its alleged infringement. 2013 U.S. Dist. LEXIS 34566 at *2-3.

Exhibit 1 of Plaintiff's Amended Complaint contains 123 photographs which Plaintiff "believes" Defendant infringed copyrights to by exceeding its licenses or using the photographs without any authorization to begin with. (Am. Compl. ¶¶ 11(a)-(e), 12.) Plaintiff provides a time span of twenty (20) years in which the alleged infringements occurred and simply lists the infringing acts without any correlation to individual photographs. (Am. Compl. ¶¶ 9, 11(a)-(e), ECF No. 11.) These claims are simply too vague and fail to provide the minimal specificity required to put Defendant on notice. *Clifton*, 152 F. Supp. 3d at 1225.[5]

---

[5] On November 29, 2018, Plaintiff filed a Notice of Supplemental Authority (ECF No. 20.) Said Notice cites to the Third Circuit's recent holding in *In Re: McGraw-Hill Global Education Holdings,* LLC, Nos. 17-2826 & 17-3444, 2018 U.S. App. LEXIS 32931 (3d Cir. Nov. 21, 2018). *McGraw-Hill* pertained to forum selection clauses found in agreements reached between stock photography agencies and publisher McGraw-Hill. The issue was whether or not two respective photographers who brought copyright infringement suits against McGraw-Hill, were bound by these agreements even though they might not have been fully aware of the specific terms, and never signed the contracts. In fact, both photographers in *McGraw-Hill* "doggedly refuse[d] to concede the existence of licenses." *McGraw-Hill,* 2018 U.S. App. LEXIS 32931, at *33.

The Third Circuit ultimately determined that the photographers were not bound by the agreements and were therefore not bound by the forum selection clauses contained therein. They further concluded that "the license is not part of the photographers' prima facie case." *McGraw-Hill*, 2018 U.S. App. LEXIS 32931, at *36. In reaching this decision, the court acknowledged that its use of the word "unauthorized" when assessing the second *Feist* element of a copyright infringement claim (copying of constituent elements of the work that are original) in a prior decision titled *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002), "was erroneous." *McGraw-Hill*, 2018 U.S. App. LEXIS 32931, at *35. However, because the Third Circuit cannot overrule itself, and because they did not use the word "unauthorized" when enumerating the elements of a copyright infringement case in the earlier matter of *Whelan Assocs. v. Jaslow Dental Lab., Inc.*, 797 F.2d 1222 (3d Cir. 1986), the language set forth in *Whelan* controls. *McGraw-Hill*, 2018 U.S. App. LEXIS 32931, at *35.

Plaintiff contends "to the extent this Court's prior ruling relied on case law referencing unauthorized copying," the *McGraw-Hill* decision "constitutes an intervening change in the law." (ECF No. 20 at 2 (internal quotation marks omitted). Although this Court did reference case law that utilized the word "unauthorized" in its prior decision, it was of no consequence. Instead, this Court focused on the general lack of specificity in Plaintiff's pleadings with regard to notice of the infringing acts. In any event, the assessment offered herein eliminates any potential ambiguity regarding Plaintiff's burden at the pleading stage.

To the extent Exhibit 2 of Plaintiff 's Amended Complaint contains copies of materials published by Defendant to support Plaintiff's allegation that use of his photos in these materials was unlicensed (per the information contained in Exhibit 3 of the Amended Complaint), said allegations provide sufficient notice. To the extent Plaintiff claims "additional unauthorized use" of these works, this general averment fails to provide Defendant with sufficient notice of a claim; *i.e.,* how the works were copied. *Feist*, 499 U.S. 361-62.

### B. AMENDMENT

In addition to "clarification," Plaintiff's Motion also seeks leave to amend. While Plaintiff's Amended Complaint and proposed Second Amended Complaints do not sufficiently plead numerous infringement claims as set forth above, this Court cannot conclude that any attempt to amend said Complaint once again would be futile. As such, Plaintiff's request for leave to amend will be granted. Plaintiff shall remain particularly cognizant of the fact that works that were not properly registered prior to the filing of his original Complaint ***shall not be included*** in any amendment, as they cannot relate back. *See Morgan v. Hanna Holdings, Inc.,* 635 F. Supp. 2d 404, 410 (W.D. Pa. June 29, 2009) (finding that because Plaintiff had not registered his works prior to commencing suit, the court never had jurisdiction. Therefore, any amended claims would not "relate back" and would be beyond the statute of limitations at that point in time) (citing *Brewer-Giorgio v. Producers Video, Inc.,* 216 F.3d 1281, 1285 (11th Cir. 2000); *Wellness Publ'g v. Barefoot,* 2008 U.S. Dist. LEXIS 1514, *31 (D. N.J. Jan. 9, 2008) ("[A]n amendment cannot relate back to a complaint over which the Court did not have subject matter jurisdiction.") (citing *Kreider Dairy Farms, Inc. v. Glickman*, 190 F.3d 113, 121 (3d Cir. 1999)); *Reynolds v. United States*. 748 F.2d 291, 293 (5th Cir. 1984) (affirming district court's

decision to dismiss an Amended Complaint that was filed "on a date on which the court lacked jurisdiction" and "related back to a date on which the court also lacked jurisdiction.")).

With respect to the remaining works, exactly which of the Exhibit 1 photos Plaintiff might believe were printed more times than permitted, and exactly which photos were used beyond the specified time limits, have not been adequately identified in either the Amended Complaint or proposed Second Amended Complaint. In other words, Plaintiff did not adequately plead the infringing conduct for each photo in Exhibit 1. Accordingly, in order to remedy these deficiencies, Plaintiff must allege which infringing conduct applies to each photo and at what time.[6]

Lastly, Plaintiff's next Amended Complaint shall not contain any reference to what he "believed" Defendant's state of mind to be, to any allegedly criminal conduct by Defendant, or to other lawsuits pending against Defendant throughout the country. Aside from being inappropriate, these matters are immaterial to the issues at hand.

---

[6] Again, a general timespan of twenty years is not sufficient for this purpose.

## V. CONCLUSION

By reason of the foregoing, Plaintiff's Motion for Clarification is granted, as is leave to amend in accordance with the above.

An appropriate Order follows.

                                              BY THE COURT:

                                              /s/ C. Darnell Jones, II

                                              C. Darnell Jones, II    J.